IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 4 2015

CLERK, U.S. DISTRICT COURT
By _____
        Deputy
```

| | | |
|---|---|---|
| JOSE ACOSTA VASQUEZ, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-685-A |
| | § | (NO. 4:13-CR-065-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the motion of Jose Acosta Vasquez

("movant") under 28 U.S.C. § 2255 to vacate, set aside, or

correct sentence. After having considered such motion, its

supporting memorandum, the government's response, and pertinent

parts of the record in Case No. 4:13-CR-065-A, styled "United

States of America v. Jose Acosta Vasquez," the court has

concluded that the motion should be denied.

I.

<u>Background</u>

Information contained in the record of the underlying

criminal case discloses the following:

On May 9, 2013, movant was named in a one-count information

charging him with conspiracy to possess with intent to distribute

50 grams or more of a mixture and substance containing a

detectable amount of methamphetamine, a Schedule II controlled

substance, in violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)). CR Doc. 27.[1] On May 17, 2013, movant waived indictment and pleaded guilty without a plea agreement. CR Docs. 31, 33. The factual resume signed by movant and his counsel recited the charge, the statutory penalties, the elements of the offense, and the stipulated facts that established movant's guilt. CR Doc. 34. Under oath at the arraignment, movant testified that he understood each of the rights the court explained to him, including the right to be indicted by a grand jury and have his case tried by a jury. CR Doc. 64. Movant testified that he understood and had discussed with his counsel the role of the sentencing guidelines. Id. at 10, 12-16. The court stressed its reliance on the presentence report ("PSR") and the importance of making objections so that the report would be as complete and accurate as possible. Id. at 16. Movant testified that he understood his sentence would fall within the range of five to forty years in prison; that he would be bound by his plea even if the sentence was more severe than he expected; and that he had no complaints about his attorney. Id. passim.

The PSR reflected a total offense level of 35, which included a two-level enhancement because the offense involved

---

[1]The "CR Doc." reference is to the docket in the underlying criminal case, No. 4:13-CR-065-A.

importation of methamphetamine from Mexico. PSR ¶ 25. The probation officer found that movant did not qualify for a mitigating role. Id. Movant received no adjustment--up or down-- for his role in the offense. PSR ¶ 27. Movant's sentencing range was 210 to 262 months. PSR ¶ 77.

Movant filed two objections to the PSR, arguing that he qualified for a mitigating role and that the drug importation enhancement should not apply. CR Doc. 41. The government opposed the objections, CR Doc. 44, and they were not accepted by the probation officer. PSR Add. The probation officer cited guideline commentary, case law, and the government's proffer that Special Agent Mike Ferry of the Drug Enforcement Agency would testify that in his fifteen years of experience, he had never seen methamphetamine of a similar (98%) purity in Texas that had not come from Mexico. Id. Movant continued his challenge until the court issued its order tentatively concluding that the objection lacked merit. CR Doc. 51. At sentencing, movant and his attorney confirmed that they had discussed the PSR and addendum and that movant was withdrawing any remaining objections. CR Doc. 65 at 3-4. The court sentenced movant to the bottom of the guideline range. Id. 7-8; CR Doc. 56.

3

Movant appealed. CR Doc. 58. His attorney filed an Anders[2] brief after concluding that an appeal would be frivolous. Doc. 9 at 1-28.[3] Movant filed a pro se motion to dismiss his appeal with prejudice. Doc. 9 at 30. On December 2, 2014, the Fifth Circuit dismissed the appeal. Id. at 49.

## II.

### Grounds of the Motion

Movant urges two grounds in support of his motion, worded as follows:

**GROUND ONE:** INEFFECTIVE ASSISTANCE OF COUNSEL

**GROUND TWO:** UNCONSTITUTIONAL SENTENCE-VIOLATING DUE PROCESS

The motion is accompanied by a memorandum and document that purports to be an affidavit (although it is not notarized).[4]

## III.

### Standards of Review

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32

---

[2] Anders v. California, 386 U.S. 738 (1967).

[3] The "Doc." reference is to the court's docket in this civil action, No. 4:15-CV-685-A.

[4] The document is not a declaration as it is not signed under penalty of perjury. 28 U.S.C. § 1746.

(5th Cir. 1991).  A defendant can challenge her conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors.  Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).  Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack."  Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a

5

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686).  Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

IV.

## Analysis

Movant first complains that his attorney was ineffective for "failing to object to and/or argue the preponderance of the judge

found facts of whether the methamphetamine was imported from Mexico." Doc. 1 at 16. As stated, movant first objected to the PSR, but later withdrew those objections, realizing that pursuit of them would be frivolous. None of the cases movant cites in this regard appear to be relevant to his claim. For example, movant fails to explain how there could have been an ex post facto violation in his case. See Peugh v. United States, 133 S. Ct. 2072 (2013). Nor does he explain how Alleyne v. United States, 133 S. Ct. 2151 (2013), or Apprendi v. New Jersey, 530 U.S. 466 (2000), affects his case. Movant was sentenced at the low end of the guideline range and within the statutory boundaries applicable.

Movant additionally seems to maintain that his plea was based on misinformation and defective representation. Doc. 1 at 6-7. The record belies these allegations. As recited above, the court reviewed with movant that his sentencing would be based on the actual facts and that he would be bound by his plea. Movant acknowledged under oath that he understood that the guideline range could not be calculated until preparation of the PSR, that the sentence could be more severe or less severe than the recommended guideline range, and that movant faced a maximum forty year term of imprisonment, among other things.

As for the second ground, movant alleges a violation of due process based on the <u>Alleyne</u> rule. Doc. 1 at 18-19. He seems to be under the impression that the origin of the drugs attributed to him had to be proved beyond a reasonable doubt. This, of course, ignores the fact that movant pleaded guilty and admitted all of the elements of the offense. And, in any event, the origin of the drugs was not an element of his offense of conviction, unlike the situation in <u>Fiore v. White</u>, 531 U.S. 225 (2001), upon which he relies. Rather, the court was entitled to rely on the PSR. <u>United States v. Harris</u>, 702 F.3d 226, 230 (5th Cir. 2012). <u>Alleyne</u> has no bearing. <u>United States v. Hinojosa</u>, 749 F.3d 407, 412 (5th Cir. 2014).

Movant has failed to present the court with anything that would cause the court to conclude that any aspect of his motion has the slightest merit. To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." <u>Id.</u>. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." <u>Id.</u> See also <u>United States v. Fuller</u>, 769 F.2d 1095, 1099 (5th Cir. 1985). Movant's guilty plea was knowing and

8

voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. <u>Bradshaw v. Stumpf</u>, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the arraignment hearing.

In sum, there is no evidence that had his counsel done anything differently, the outcome of movant's case would have been any different. His complaints relative to his counsel lack merit.

V.

<u>Order</u>

The court ORDERS that all relief sought by movant in his motion under 29 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2255(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

9

denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED November 4, 2015.

_____
JOHN McBRYDE
United States District Judge